AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

<table>
<tr><td>

**LODGED**
CLERK, U.S. DISTRICT COURT

**10/7/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

</td><td>

**FILED**
CLERK, U.S. DISTRICT COURT

**10/07/25**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MR _____ DEPUTY

</td></tr>
</table>

|  |  |
|---|---|
| United States of America<br><br>v.<br><br>JERRY ESCOBAR,<br><br>Defendant. | Case No.   2:25-mj-06251-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 23, 2025, in the county of Los Angeles in the Central District of California, the

defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

/s/
_____
*Complainant's signature*

Adriana Primera, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        October 7, 2025
_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Pedro V. Castillo, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: Yervant P. Hagopian x0732

## **AFFIDAVIT**

I, Adriana Primera, being duly sworn, declare and state as follows:

## I.  **PURPOSE OF AFFIDAVIT**

1.  This affidavit is made in support of a criminal complaint against, and arrest warrant for, Jerry ESCOBAR ("ESCOBAR") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only, all amounts are approximate, and all dates and times are on or about those indicated.

## II. **BACKGROUND OF AFFIANT**

3.  I am a Special Agent ("SA") with Homeland Security Investigations ("HSI"), an agency within the U.S. Department of Homeland Security and have been so employed since March 31, 2019.  I successfully completed the Criminal Investigator Training Program and the HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. During the course of my employment with HSI, I have received

classroom and on-the-job training of HSI's legal authorities and scope of investigations such as narcotics trafficking and smuggling, drug trafficking organizations, transnational criminal organizations, criminal street gangs, prison street gangs, human trafficking and smuggling, financial crimes, national security, identity and benefit fraud, and immigration laws.

4.    I am currently assigned to the HSI Los Angeles Violent Gang Task Force ("LA VGTF").  I have investigated gangs since April 2020.  The LA VGTF investigates street gang members involved in criminal activities to disrupt and dismantle organized street gangs.  During my tenure with LA VGTF, I have investigated criminal street gangs, prison gangs, and drug trafficking organizations.  In so doing, I have used confidential informants, interviewed gang members and associates, conducted surveillances, participated in controlled purchases of narcotics and firearm, analyzed social media platforms and phone tolls, deciphered jail calls, used pole cameras, and executed search warrants for cellular devices, pen registers, pings, trackers, cell-site simulator, and Title-III wiretaps.  I have assisted in wiretap investigations, including monitoring, minimizing, and reviewing interception data.  I have also discussed with senior agents the process and procedures of Title III interception.

5.    Additionally, I am currently assigned to the Los Angeles Metropolitan Task Force on Violent Gangs.  The task force is comprised of Los Angeles Police Department ("LAPD")

Gang and Narcotics Division, Los Angeles Sheriff's Department, Federal Bureau of Investigation, and HSI. In that capacity, I have investigated and assisted on several violent criminal street gangs with strong ties and association with the "Mexican Mafia" also known as "La Eme," a California based prison gang. I have gained knowledge and experience investigating the Mexican Mafia by means of but not limited to classroom and on the job trainings, interviews and debriefs with gang members and associates, social media platforms, and information obtained from other law enforcement personnel such as California Department of Corrections and Rehabilitation and Federal Bureau of Prisons.

6.    My investigative experience detailed herein, as well as my training, experience, and conversations with other law-enforcement officers who are participating in this investigation, serve as the basis for the conclusions set forth herein.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

3.    Based on my review of law enforcement reports, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

5.    On September 23, 2025, LAPD officers approached a group of individuals, including ESCOBAR, gathered around a park bench. Based on prior encounters, an LAPD officer recognized ESCOBAR, a known gang member, and arrested him due to an outstanding felony arrest warrant for violating California Penal Code § 3455, Post Release Community Supervision. Incident to

arrest, LAPD searched ESCOBAR's person, and a backpack hung over his left shoulder.  From ESCOBAR's waistband, LAPD recovered a Smith & Wesson M&P 9mm Sheild semi-automatic pistol bearing serial number JBK6264 ("SW Pistol 1") loaded with eight rounds of ammunition.  From ESCOBAR's backpack, LAPD recovered a semi-automatic Springfield XD-40 pistol bearing serial number MG166028 (the "Springfield Pistol") loaded with fourteen rounds of ammunition, a privately manufactured Smith & Wesson 32 Caliber revolver ("SW Pistol 2") bearing no serial number, and a U.S. Customs and Border Protection badge bearing a serial number.  The badge was reported stolen in 2016.

6.   On September 24, 2025, LAPD issued <u>Miranda</u> warnings to ESCOBAR and interviewed him; he admitted he possessed SW Pistols 1 and 2, the Springfield Pistol, ammunition, and badge.

7.   On October 01, 2025, Alcohol Tobacco Firearms and Explosives SA Donovan Manning examined photographs of the foregoing firearms and made the following determinations:

a.   SW Pistol 1 was manufactured in Massachusetts. Since LAPD found it in California, it necessarily moved in interstate commerce.

b.   The Springfield Pistol was manufactured in Croatia.  Since LAPD found it in California, it necessarily moved in foreign commerce.

8.   I have reviewed ESCOBAR's criminal history and determined that he sustained the following felony convictions:

a.   Felon in possession of a firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court

of the State of California, County of Los Angeles, case number LACBA51385001 on April 20, 2023;

b.   Attempted Robbery in violation of California Penal Code Section 664/211, in the Superior Court of the State of California, County of Los Angeles, case number LACBA49462301 on April 20, 2023;

c.   Felon in possession of a firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, case number LAC24CJCF0427201 on July 24, 2024.

## IV. CONCLUSION

9.   For all of the reasons described above, there is probable cause to believe that ESCOBAR has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 7th day of October, 2025.

_____
HONORABLE PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE